UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STACEY A. REED,

    Plaintiff,

       v.                                                        No. 3:16-cv-1856(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X

## **RULING ON PENDING MOTIONS**

Plaintiff Stacey Reed has filed this appeal of the adverse decision of the Commissioner of Social Security denying her application for Supplemental Security Income benefits ("SSI"). Plaintiff now moves, pursuant to 42 U.S.C. § 405(g), for an order reversing this decision, or in the alternative remanding the matter for rehearing. [Doc. # 23]. Defendant has responded with a motion to affirm the decision of the Commissioner. [Doc. # 27]. For the reasons that follow, Plaintiff's motion is granted and the matter shall be remanded for additional proceedings consistent with this ruling.

## **Legal Standard**

The standards for determining a claimant's entitlement to disability benefits, the Commissioner's five-step framework for evaluating disability claims, and the district court's review of the Commissioner's final decision are well-established. The Court is following those standards, but does not repeat them here.

1

**Background**

On December 19, 2012, Plaintiff applied for SSI benefits. Her application was denied initially and upon reconsideration. On November 4, 2013, Plaintiff requested a hearing before an Administrative Law Judge, and on March 16, 2016, a hearing was held before Matthew Kuperstien (the "ALJ"). The ALJ issued a decision on June 22, 2015, finding that Plaintiff was not disabled. Plaintiff then filed a request for review of the ALJ's decision; the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. This action followed.

Pursuant to the Court's instructions, the parties filed a fact stipulation. [Doc. # 24]. The Court adopts the stipulation and incorporates it by reference herein.

**Discussion**

**A. The ALJ's Decision**

The ALJ followed the sequential evaluation process for assessing disability claims. At Step One, he found that Plaintiff had not engaged in substantial gainful activity since the alleged the date of the SSI application. R. 12. At Step Two, the ALJ found the following severe impairments: degenerative disc disease of the cervical and lumbar spine; chronic pulmonary disease; sleep related breathing disorder; history of degenerative joint disease / frozen shoulder of bilateral shoulders; bipolar disorder; and post-traumatic stress disorder. R. 12-13. At Step Three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. R. 13-15. Next, the ALJ determined Plaintiff retains the following residual functional capacity[1]:

---

[1] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite her limitations. 20 C.F.R. § 416.945(a)(1).

> Plaintiff can perform light work. She is limited to only occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, or crawling. She cannot climb ladders, ropes, or scaffolding. She needs to be able to use a cane to ambulate. She cannot constantly stand or walk and is limited to standing and/or walking only 4 to 6 hours cumulatively during the course of an eight hour workday. She is further limited to only occasional overhead reaching bilaterally and to only frequent handling, fingering, or feeling. She needs to avoid concentrated exposure to work that involves vibration, gases, poor ventilation, or hazards such as machinery or heights. She needs to avoid even moderate exposure to cold, heat, humidity, wetness, cigarette smoke, fumes, odors, and dust. She is limited to work that involves understanding, remembering, and carrying out simple instructions and making simple work-related decisions. She is limited to work that does not have strict time or production requirements and can be performed in a nonpublic work setting. She is limited to work that involves brief or superficial interaction with coworkers and supervisors of no more than 20% of an eight hour workday and no teamwork with coworkers.

R. 15-16. At Step Four, the ALJ found Plaintiff was unable to perform any past relevant work. R. 21-22. Finally, at Step Five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that there are jobs in significant numbers in the national economy Plaintiff can perform. R. 22. Specifically, the VE testified that a person with the assessed RFC could perform the positions of price marker, mail clerk, and quality assurance checker. R. 23. Accordingly, the ALJ found Plaintiff not to be disabled.

**B. The ALJ's RFC Finding**

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because it does not make a specific finding as to Plaintiff's ability to lift or carry. The Court agrees.

Here, the ALJ assessed an RFC for light work, with additional limitations relating to climbing, balancing, stopping, kneeling, crouching, crawling, standing, walking, and reaching overhead. He also found that Plaintiff requires use of a cane to ambulate. Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967.

3

As set forth above, Plaintiff maintains that the ALJ erred by making no specific findings as to her ability to lift and carry. She additionally argues that the ALJ erred by failing to address limitations she may have with lifting and carrying *while* she is using a cane to ambulate. Plaintiff relies on *McCants v. Astrue*, No. 3:09-CV-01830 VLB, 2010 WL 4363423, at *1 (D. Conn. Oct. 21, 2010) to support her argument that the ALJ's failure to specifically address her ability to lift or carry requires remand. The Court finds that *McCants* necessitates remand in the instant matter.

In *McCants*, the ALJ found that the claimant "could perform light work while using a cane and having the option of sitting or standing." *Id.* at *5. The court remanded the matter so that the ALJ could make specific findings as to the claimant's ability to lift or carry. *Id.* The court's decision to remand was based on its finding of no evidence in the record that addressed the plaintiff's ability to lift or carry, and of no VE testimony addressing the lifting or carrying requirements of the jobs the ALJ found the claimant could perform. *Id.*

Here, as in *McCants*, the ALJ's assessed RFC does not address Plaintiff's ability to lift or carry. The only opinion evidence in the record in which medical professionals described Plaintiff's ability to lift and carry was given limited weight by the ALJ. Notably, both opinions found Plaintiff's ability to lift and carry was less than what light work requires: Dr. Reihner, a consultative examiner, found that Plaintiff "could be expected to lift and carry ten pounds occasionally for one-third of the workday." R. 1086. Dr. Adachi, Plaintiff's pulmonologist, opined that Plaintiff could "frequently lift and carry less than ten pounds and occasionally lift and carry ten pounds." R. 1592. In addition, the VE did not testify as to the lifting or carrying requirements of the jobs the ALJ found Plaintiff could perform.

The Commissioner argues there is record evidence to support a finding that Plaintiff was capable of meeting the lifting and carrying requirements of light work. Specifically, the Commissioner cites to office visit notes and Plaintiff's testimony regarding daily activities. The office visit notes do not provide substantial evidence of Plaintiff's ability to meet the lifting and carrying requirements of light work. While some notes indicate normal muscle strength and tone (*see* R. 1147, 1651, 1658, 1679), they do not specifically address the ability to lift or carry, and do not at all address these activities while using a cane to ambulate. Likewise, Plaintiff's activities of daily living to not provide sufficient evidence of Plaintiff's ability to meet the lifting or carrying requirements of light work. While the ALJ notes that Plaintiff testified she is capable of doing some housework and yard work (R. 14), he also notes her testimony that she is unable to carry her five pound dog (R. 17). In all, there is a dearth of evidence to support the finding that Plaintiff is capable of meeting the lifting and carrying requirements of light work while using a cane to ambulate: thus, the RFC is not supported by substantial evidence.

It appears, then, that the ALJ took it upon himself to interpret a few notes of normal muscle strength and tone as an indication of an ability to lift and carry up to twenty pounds at a time and up to ten pounds frequently. The ALJ is not a medical professional who can make such an assessment. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion....."); *Rivera v. Sullivan*, 771 F. Supp. 1339, 1354 (S.D.N.Y. 1991) ("Although the ALJ is not required to reconcile explicitly every conflicting shred of medical testimony, he cannot pick and choose evidence in the record that supports his conclusions." (internal quotation marks and citations omitted).

**Conclusion**

For the reasons set forth above, Plaintiff's motion to reverse [Doc. # 23] is GRANTED and the Commissioner's motion to affirm [Doc. # 27] is DENIED. The matter shall be remanded so that the ALJ can make a specific finding on Plaintiff's ability to lift and carry while using a cane to ambulate. While it is possible the ALJ may come to the same conclusion, the Court is not able to speculate in this regards. On remand, in addition, the Commissioner shall address the other claims of error not discussed herein.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c).

SO ORDERED, this  16th  day of October, 2017, at Bridgeport, Connecticut.

>  */s/ William I. Garfinkel*
> WILLIAM I. GARFINKEL
> United States Magistrate Judge